UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
~~LAFAYETTE-OPELOUSAS DIVISION~~
LAKE CHARLES DIVISION

| | |
|---|---|
| Stoneys Services Corp. | Civil Action No. 2:08-1246 |
| versus | Judge Tucker L. Melançon |
| Traveler's Insurance Company and Traveler's Company, Inc. | Magistrate Judge Methvin |

**MEMORANDUM RULING**

Before the Court is a Motion To Dismiss Pursuant to F.R.C.P. Rule 12(c)(6) Or In The Alternative Motion For Summary Judgment [Rec. Doc. 24] filed by St. Paul Fire and Marine Insurance Company ("St. Paul")[1], an opposition memorandum filed by Stoney's Service Corporation, Inc. and Stoney's Marine, LLC ("Stoney's") [Rec. Doc. 29] and a reply memorandum filed by St. Paul [Rec. Doc. 30]. For the reasons that follow, St. Paul's motion will be granted.

*Background*

This action arises out of an insurance claim submitted by Stoney's to St. Paul for losses sustained to Stoney's barge, the MARINE CLEAN ONE, on July 11, 2007. Stoney's is a barge and port cleaning service. St. Paul issued a renewal Marine Insurance Policy, NO. OHO4200074, with effective dates of January 15, 2007 through January 15, 2008 to Stoney's for its barge, the MARINE CLEAN ONE. *R. 24, Exh. A*.

---

[1] St. Paul represents that it was "improperly named in the Petition as 'Traveler's Insurance Company and Traveler's Company, Inc.'" ("Traveler's") *R. 24*. In its First Supplemental and Amending Complaint, Stoney's removed any reference to Traveler's and named St. Paul as defendant. *R. 19*.

1

The incident for which Stoney's seeks coverage in this action occurred on July 11, 2007, while the MARINE CLEAN ONE was located in or near Port Arthur, Texas. Approximately two weeks prior to the loss in question, Stoney's sent the MARINE CLEAN ONE to R&R Shipyard near Port Arthur, Texas, in order to rebuild the deep well pump located on the stern and to repair and replace heater lines. On the day of the incident, Stoney's took the barge out of the shipyard to perform a test on the newly repaired deep well pump. After firing up the pump, the crew discovered water flowing out of a plug hole on the pump. Later, Stoney's received a notification that oil was spilling from the deck of the barge. Twenty to thirty gallons of oil spilled onto the deck of the MARINE CLEAN ONE and contaminated all six cargo tanks on the barge. The oil spill was contained approximately three days later.

Stoney's filed this action against St. Paul in the Fourteenth Judicial District, Calcasieu Parish, Louisiana and St. Paul removed the action to this Court. *R. 1*. In its original Petition, Stoney's seeks "reformation of the [St. Paul] policy to include an increase in policy limits" increasing coverage on the MARINE CLEAN ONE from $250,000 to $500,000 for the period including July 11, 2007. *R. 1, ¶¶ 11-12*. Stoney's also seeks penalties and attorney's fees under LA-R.S. 22:658 and 22:1220. *Id, ¶ 13*.

St. Paul filed this motion to dismiss, asserting in the alternative a motion for summary judgment. *R. 24.* St. Paul states in its Reply

Memorandum that it filed this motion as an alternative motion for summary judgment only because the location of the accident was not alleged in plaintiff's complaint. *R. 30, FN. 1.* Stoney's concedes that the accident in question occurred at or near Port Arthur, Texas. Thus, the Court will consider St. Paul's motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

In its motion to dismiss, St Paul's contends that no coverage is afforded to Stoney's for the loss in question because Stoney's failed to comply with the "Navigating Limits" provision contained within the Policy specifically limiting coverage to "use and navigation of inland waters of Louisiana." *R. 24, Exh. A, p. 3.* Stoney's argues in its opposition to St. Paul's motion that the Policy should be reformed to delete or otherwise amend the navigation limitation to cover the loss in question. *R. 29.* Stoney's represents that it "has filed, contemporaneously with this Memorandum in Opposition, a Motion for Leave to file a Second Amended Petition ... to reform the policy to the extent of removing the Navigating Limits endorsement." *Id., p. 5.* The record, however, does not reflect, and the Court is unaware of, any such motion related to filing a second amended petition.[2]

Under Louisiana law, "[r]eformation is an equitable remedy that may be used when a contract between the parties fails to express their true intent,

---

[2] Plaintiff's Opposition Memorandum was filed on December 4, 2008. *R. 29.* St. Paul represents that plaintiff has been in possession of the Policy at issue since approximately January 15, 2007. *R. 30, p. 3.*

either because of mutual mistake or fraud." *In re Liljeberg Enterprises, Inc,.* 304 F.3d 410, 442 (5th Cir. 2002). "[T]he allegations in the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 467 (5th Cir.2006). To survive dismissal under Rule 12(b)(6), "the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.'" *S. Scrap Material Co., LLC v. ABC Ins. Co. (In re S. Scrap Material Co., LLC*), 541 F.3d 584, 587 (5th Cir.2008). Rule 9(b) creates a heightened pleading requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b); *U.S. ex rel. Rafizadeh v. Continental Common, Inc.*, — F.3d ----, 2008 WL 5265188, 1 (5th Cir. 2008).

Based on the pleadings before the Court, specifically the original Complaint and the First Amended Complaint, as well as the foregoing law, Stoney's has failed to plead a claim of reformation with respect to the Navigational Limitation condition in the Policy. St. Paul's motion to dismiss will be granted.